UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20985-RAR

ZAK SHAIK,

     Plaintiff,

v.

TOKMEDIA ENTERPRISES LLC, *et al*.,

     Defendants.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on March 3, 2025.  *See* Compl., [ECF No. 1].  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("IFP Application"), [ECF No. 3], and a Supplemental Affidavit and Motion to Defer Filing Fee Payment Until Post-Adjudication ("Affidavit"), [ECF No. 4].  Upon screening the Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint is an impermissible shotgun pleading and fails to state a claim upon which relief may be granted.  The Court also concludes that there is an insufficient basis to grant the IFP Application.  The Court having carefully reviewed the Complaint, the IFP Application, the Affidavit, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** *without prejudice and with leave to amend*.

## IFP APPLICATION

Courts may authorize a party to proceed *in forma pauperis* in any suit so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a), *i.e.*, by submitting an affidavit "that

includes a statement of all assets such [person] possesses [and showing] that the person is unable to pay" court filing fees. 28 U.S.C. § 1915(a)(1). The Court's determination is limited to "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (internal quotation marks omitted) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)). Although the affidavit "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," it must show that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citations omitted).

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915). The Court "has wide discretion in denying an application to proceed [*in forma pauperis*] under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez*, 364 F.3d at 1306 (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1972)). Where a court finds the "affidavit is insufficient to provide an adequate basis for an IFP determination," the court may direct the plaintiff "to file a supplemental affidavit providing additional information . . . which may assist the court in its ruling." *Id.* at 1308.

Here, Plaintiff's IFP Application represents that he has $0.00 in income from employment over the past 12 months, $0.00 in cash or in bank accounts, $0.00 in gross monthly pay, and $0.00 in any other source of income, including self-employment, gifts, or public benefits. *See* IFP Application at 1–2. The IFP Application states that Plaintiff has assets in the form of "other real estate" worth negative $250,000.00. *Id.* at 3. The IFP Application leaves blank the section asking

the applicant to detail monthly expenses.  *Id.* at 4.  The Affidavit states that Plaintiff "rel[ies] entirely on friends who provide temporary shelter food, and basic necessities" and "[t]hese friends rotate their assistance as their personal circumstances allow, enabling [him] to maintain [his] basic living standards while pursuing legal redress for [his] losses."  Affidavit ¶ 5.  The affidavit further represents that Plaintiff has "no income, savings, or liquid assets with which to pay the court's filing fees."  *Id.* ¶ 7.

The IFP Application and Affidavit are deficient.  The Court is unable to evaluate Plaintiff's IFP status because Plaintiff does not explain how he affords his daily expenses (which he does not identify) or supports himself with no income, no cash, and no assets.  *See Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (explaining that a court must compare "the applicant's assets *and liabilities* in order to determine whether he has satisfied the poverty requirement" on an IFP motion (emphasis added)).  Further, because "[i]t undeniably costs money to live," it strains credulity that Plaintiff has no expenses, assets, savings, or income. *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013).  Accordingly, the IFP Application and Affidavit are insufficient on their own terms to establish that Plaintiff is entitled to proceed *in forma pauperis* absent additional information.  *See id.* (denying IFP status where plaintiff's IFP affidavit represented that plaintiff had "zero income, zero savings, and a single asset").

More troublingly though, the IFP Application and Affidavit do not appear to be completely forthcoming.  To support his IFP Application, the Affidavit avers that Plaintiff was previously granted IFP status in another proceeding in the United States District Court for the Eastern District of Oklahoma.  *See* Affidavit ¶ 10 (citing grant of IFP status in *Shaik v. Mordy*, Case No. 6:24-cv-00256, ECF No. 5 (E.D. Okla. July 22, 2024)).  That's not quite true.  Although the Eastern District

of Oklahoma initially permitted Plaintiff to proceed IFP, it later revoked his IFP status finding his IFP application to be "materially incomplete, misleading and false" because it failed to disclose that Plaintiff had other sources of income or assets, including gifts from friends, certain employment or affiliations, and other money that Plaintiff claimed he was owed by various entities. *Shaik v. Mordy*, No. 6:24-cv-00256, ECF No. 28 at 4 (E.D. Okla. Oct. 18, 2024), *R. & R. adopted*, ECF No. 33 (E.D. Okla. Dec. 20, 2024).  Plaintiff did not omit this detail for lack of notice: Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation and also a Motion for Reconsideration of the District Judge's Order adopting the Report and Recommendation, which was denied.  *See id.*, ECF No. 29 (Objection to the Magistrate Judge's Report and Recommendation), *id.*, ECF No. 34 (Motion for Reconsideration), *id.*, ECF No. 38 (Order denying Motion for Reconsideration).  Indeed, Plaintiff had his IFP status revoked for the same reasons in at least four other related cases in the Eastern District of Oklahoma.  *See Shaik v. Melton*, No. 6:24-cv-00252, ECF No. 87 (E.D. Okla. July 22, 2024), *R. & R. adopted*, ECF No. 108 (E.D. Okla. Dec. 20, 2024); *Shark v. Williams*, No. 6:24-cv-00253, ECF No. 24 (E.D. Okla. Oct. 18, 2024), *R. & R. adopted*, ECF No. 29 (E.D. Okla. Dec. 20, 2024); *Shaik v. Certain Underwriters at Lloyd's of London*, No. 6:24-cv-00271, ECF No. 24 (E.D. Okla. Oct. 18, 2024), *R. & R. adopted*, ECF No. 35 (E.D. Okla. Dec. 20, 2024); No. 6:24-cv-00311, ECF No. 21 (E.D. Okla. Oct. 18, 2024), *R. & R. adopted*, ECF No. 24 (E.D. Okla. Dec. 20, 2024).  Plaintiff is therefore well aware that his representation to the Court that he had previously been granted IFP status is misleading at best, and an outright misrepresentation at worst.

But the inconsistencies do not end there.  Similar to Plaintiff's representations in the Eastern District of Oklahoma, the IFP Application says that he has no income from any source, IFP Application at 1–2, but the Affidavit says he receives assistance from his friends, Affidavit

¶ 5.  The IFP Application and Affidavit also fail to disclose Plaintiff's prior employment: the IFP Application states that Plaintiff is "self-employed," IFP Application at 2, but in a previous IFP application in a different case before this Court, Plaintiff indicated that he was employed by "SABUR PWM" (and yet received no income from that employment).  *Shaik v. Tokmedia*, No. 24-cv-24863, ECF No. 3 at 2 (S.D. Fla. Dec. 11, 2024).  Accordingly, the Court concludes that the IFP Application and Affidavit are materially incomplete and misleading and therefore must be denied.[1]

## **LEGAL STANDARD**

The Court now turns to the substance of the Complaint.  Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply.  Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); *see also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir.

---

[1]  The Court notes that the Affidavit proposes, in the alternative, that Plaintiff be allowed to "[d]efer payment of filing fees until the conclusion of this case, with fees to be paid from any damages awarded after final judgment."  Affidavit ¶ 3.  The Court knows of no mechanism that would support Plaintiff's request.  Plaintiff cites various cases that purportedly support this arrangement, but they are wholly inapposite: *Adkins v. E.I. DuPont de Nemours Co.* analyzed the scope of 28 U.S.C. § 1915 prior to commencing an appeal, but it did not require courts to fashion a new extra-statutory mechanism to defer payment until *after* judgment for plaintiffs who fail to demonstrate their eligibility to proceed IFP, 335 U.S. 331 (1947); *Flint v. Haynes* found that a court may tax costs against a *losing* plaintiff even if the plaintiff had previously been awarded IFP status, 651 F.2d 97, (4th Cir. 1981)—not that a court must defer filing fees until adjudication when plaintiff's claims appear meritorious, as Plaintiff suggests; and *Prows v. Kastner* found that a district court did not abuse its discretion in requiring *pro se* plaintiffs to pay partial filing fees, not, as Plaintiff claims, that temporary hardship may justify deferring fees until a case's resolution, 842 F.2d 138 (5th Cir. 1988).  Moreover, although Plaintiff's request presupposes that the Court will enter final judgment in his favor, Plaintiff must surely understand that he may not succeed on his claims and therefore would be required to pay the filing fee out of pocket.  Since that is the case, it is not clear why Plaintiff would be prepared to do so at the conclusion of this case rather than at its inception.

2017) ("[D]istrict courts have the power to screen complaints filed by all [*in forma pauperis*] litigants, prisoners and non-prisoners alike." (citation omitted)).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to satisfy this rule, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the complaint need not make detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 678. A complaint is insufficient if it only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Liberal construction does not authorize *pro se* litigants to file such impermissible "shotgun" pleadings.   The Eleventh Circuit has identified "four rough types" or categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id.* at 1321–23 (citations omitted).   "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Importantly, the Court does not act as a researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation).   And failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

With this pleading framework in mind, the Court turns to the allegations in the Complaint.

## ANALYSIS

Plaintiff brings this *pro se* action against Defendants TokMedia Enterprises, LLC ("TokMedia"), Kyle O'Connor, Ryan Burr, Kate Creveling, Avery Palmeri, Jacob Doe, and

Anthony Edinson (collectively, "Defendants") relating to an alleged contract with TokMedia for a "social media marketing campaign that they neither delivered nor had the experience to complete." Compl. ¶ 1.  Plaintiff alleges that Defendant "marketed their services by falsely claiming" it had "[p]roven success in financial services marketing"; "[i]n-house technical expertise," and "[a] track record of high-performing campaigns using TikTok."  *Id.* ¶ 16.  Plaintiff entered into a contract with TokMedia, paying $4,000 upfront to TokMedia and personally investing $3,000 in TikTok advertising spending.  Compl. ¶ 19.  However, the "ads were immediately rejected by TikTok for non-compliance and poor quality" and the "promised marketing campaign never materialized." The Complaint alleges that Plaintiff lost out on $5,000,000 in projected revenue as a result.  *Id.* ¶ 23.

The Complaint brings six counts, including fraudulent misrepresentation (Count I), wire fraud (Count II), breach of contract (Count III), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV), unjust enrichment (Count V), and negligent misrepresentation (Count VI).  *See generally* Compl.

### I.  Plaintiff Does Not Establish Subject Matter Jurisdiction

The Complaint does not convince the Court of its subject matter jurisdiction.  Federal courts are empowered to hear only those cases "'within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  A federal court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking," and once a court determines that it lacks subject matter jurisdiction, it is "powerless to continue."  *Id.* at 410 (citations omitted).

Plaintiff asserts subject matter jurisdiction on the basis of diversity and federal question jurisdiction.  Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).  As a prerequisite to establish diversity jurisdiction, the complaint must also allege the citizenship of each natural defendant and the principal place of business or state of incorporation of each corporate defendant.  *Taylor*, 30 F.3d at 1367.  Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's well-pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (interpreting 28 U.S.C. § 1331).  This means that a federal question is presented only when "the complaint—on its face— invokes federal law as the basis for relief."  *Am. Prod. Prod. Co. of Pinellas Cnty., Inc. v. Armstrong*, 674 F. Supp. 3d 1118, 1122 (M.D. Fla. 2023).

Plaintiff fails to allege a basis for subject matter jurisdiction.  With regard to diversity jurisdiction, Plaintiff alleges that he is a citizen of Texas and TokMedia is a Florida limited liability company with its principal place of business in Miami, Florida.  *See* Compl. ¶¶ 8–9.  However, Plaintiff fails to allege the citizenship of the six natural defendants named as parties in the complaint, *see id.* ¶¶ 10–15, and therefore fails to establish a basis for diversity jurisdiction. *Taylor*, 30 F.3d at 1367.

With regard to federal question jurisdiction, Plaintiff brings a claim for wire fraud under the federal wire fraud statute ("Wire Fraud Statute"), 18 U.S.C. § 1343.  *See* Compl. ¶¶ 5, 28–30. However, the Wire Fraud Statute is a criminal provision and does not create or imply any civil remedy.  18 U.S.C. § 1343.  And because the Wire Fraud Statute does not create or imply any civil remedies, a private party may not maintain a civil action independently under the Wire Fraud Statute. *See Mattera v. Ultimate Motors, Inc.*, No. 18-62802-CIV, 2019 WL 13234215, at *2 (S.D.

Fla. May 6, 2019) ("The Plaintiff, a private citizen, may not enforce the federal criminal code.");
*see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002) ("The question of whether Congress intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class.") (citations omitted); *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) ("Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute.").  As such, Plaintiff does not plead any valid basis for federal question jurisdiction.

**II.  Plaintiff's Complaint is a Shotgun Pleading and Does Not State a Claim**

Even if the Plaintiff could convince the Court of its subject matter jurisdiction, the Court notes that the Complaint bears several hallmark traits of a shotgun pleading.

The Complaint is "replete with conclusory" and "vague" allegations that "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.  To take just a sample, Count I alleges that "Defendants knowingly made false statements about their expertise and campaign readiness."  Compl. ¶ 24.  Count IV alleges that Defendants engaged in deceptive and unfair business practices by: [m]isrepresenting their capabilities to induce Plaintiff's payments[,] [p]roviding non-functional marketing content[,] and [f]alsely assuring campaign readiness to induce the TikTok ad expenditure." *Id.* ¶ 34.  Count V alleges that "Defendants accepted . . . benefits without providing the promised services." *Id.* ¶ 38.  And Count VI alleges that "Defendants made representations about their expertise and campaign readiness without reasonable grounds to believe those statements were true." *Id.* ¶ 40.  But the Complaint does not tie any of these allegations to any particular act or omission of any specific Defendant. *See Weiland*, 792 F.3d at 1323.

Moreover, with the exception of Plaintiff's breach of contract claim (which Plaintiff alleges only against TokMedia), the substantive counts are alleged against all defendants collectively "without specifying which of the defendants are responsible for which acts or omissions." *Id.* Indeed, the Complaint is entirely devoid of any acts or omissions attributed to the individual Defendants beyond the vague and conclusory allegations that Kyle O'Connor "directed the fraudulent scheme," Ryan Burr was "involved in fraudulent communications and refund misrepresentations," Kate Creveling "provided false assurances of campaign completion," Avery Palmieri "misrepresented the campaign's success," Jacob Doe "falsely claimed backend integration completion," and Anthony Edinson "provided misleading performance metrics." Compl. ¶¶ 10–15. The Complaint does not explain what acts or omissions substantiate the allegations or how they are connected to any particular cause of action.

In sum, these allegations are unmoored from any particular acts or omissions on the part of Defendants and fail to put them on notice of Plaintiff's claims or the grounds on which they rest, even when analyzed under the liberal standard afforded to *pro se* litigants.

## CONCLUSION

To be clear, this is not an exhaustive list of the deficiencies observed in the Complaint. Plaintiff may have ***one opportunity*** to rectify his Complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action. Thus, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion to Proceed IFP, [ECF No. 3], and the Affidavit's Motion to Defer Filing Fee Until Post-Adjudication, [ECF No. 4], are **DENIED**.

2.      If Plaintiff Zak Shaik wishes to maintain this action before the Court, he must pay the mandatory $405.00 filing fee—which includes both the $350.00 filing fee set by Congress and an additional $55.00 administrative fee imposed by this District—**on or before <u>March 18, 2025</u>**. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *see also* Court Fees, UNITED STATES DIST. CT. S. DIST. OF FLA., https://www.flsd.uscourts.gov/court-fees (last visited Mar. 4, 2025).

3.      Plaintiff's Complaint, [ECF No. 1], is **DISMISSED *without prejudice and with leave to amend***.

4.      **Plaintiff may file an amended complaint on or before <u>March 18, 2025</u>**.  The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

5.      Plaintiff is warned that failure to file the amended complaint and/or the filing fee on time and in compliance with this Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b); *Webb v. Miami-Dade Cnty. Gov't*, No. 24-10406, 2024 WL 3454690, at *3 (11th Cir. July 18, 2024) ("When a plaintiff fails to comply with a court order, a district court generally has discretion to dismiss the action under either the Federal Rules of Civil Procedure or its inherent authority to manage its docket") (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

6.      The Clerk's Office is instructed to **administratively CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of March, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Page **12** of **12**